IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**NATHANIEL TURNER, III,**

                            **Petitioner,**

        **v.**                                                  CASE NO. 20-3095-SAC

**WARDEN HAZEL PETERSON,**[1]

                            **Respondent.**

## MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. Petitioner proceeds pro se, and the court grants leave to proceed in forma pauperis. For the reasons that follow, the court concludes the petitioner is not entitled to relief and dismisses the petition.

### Background

In September 1992, petitioner was convicted in three cases in the District Court of Wyandotte County. In Case No. 92 CR 11, he was sentenced to concurrent terms of 5-20 years for one count of robbery and one count of aggravated robbery. In Case No. 92 CR 16, he was sentenced to four consecutive terms of 15 years to life for one count of rape, one count of criminal sodomy, and two counts of aggravated robbery. In Case No. 92 CR 90, he was sentenced to a term of 5-20 years for a count of robbery to run concurrently with a sentence of 15 years to life for a count of aggravated robbery. The sentences in each case were to run consecutively with the sentences in the other cases.

---

[1] The court substitutes Warden Peterson as the respondent. *See* Rule 2(a) of the Rules Governing Section 2254 Cases ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody.").

The Kansas Department of Corrections (KDOC) calculated petitioner's aggregate sentence as 80 years to life with parole eligibility due to good time served after 40 years. Petitioner unsuccessfully sought administrative relief from this determination and then filed a state habeas petition under K.S.A. 60-1501, He claimed the KDOC had improperly calculated his parole eligibility date. The district court dismissed the petition, and the decision was affirmed on appeal. *Turner v. McKune*, 302 P.3d 45 (Kan. App. 2013)(Turner I).

In 2016, petitioner filed a second petition under 60-1501, this time arguing that he had been denied due process by the deprivation of 10 years presumed earned good time credit in calculating his conditional release date for the sentence in Case No. 92 CR 11. The state district court dismissed the petition, and the Kansas Court of Appeals (KCOA) affirmed. *Turner v. State*, 433 P.3d 706 (Kan. Ct. App. 2019), *rev. denied*, Mar. 27, 2019 (Turner II).

Petitioner then commenced the present action seeking the good time credits he claims he earned on the 5-20 year terms imposed in Case No. 92 CR 11.

## Analysis

Petitioner's challenge to the execution of his sentence is properly brought under § 2241. *See Yellowbear v. Wyoming Att'y Gen.*, 525 F.3d 921, 924 (10th Cir. 2008) ("Section 2241 is a vehicle for [a state prisoner] ... attacking the execution of a sentence." (citations omitted)). An action brought under § 2241 challenges "the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) (quotations omitted).

It is settled, however, that a federal writ of habeas corpus is not a remedy to correct an error of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (explaining "federal habeas corpus relief does not lie for errors of state law" (quotations omitted)).

In Turner II, the KCOA examined petitioner's claim in light of the statutes and regulations that were in effect at the time he committed the crimes. Under K.S.A. 1991 Supp. 21-4608(6)(c):

> When indeterminate terms imposed on the same date are to be served consecutively, the minimum terms are added to arrive at an aggregate minimum to be served equal to the sum of all minimum terms and the maximum terms are added to arrive at an aggregate maximum equal to the sum of all maximum terms.

Under the governing regulations, a conditional release date is "the maximum sentence ending date minus total authorized good time credits not forfeited." K.A.R. 44-6-101(m)(1992). And where, as here, a prisoner was subject to multiple sentences, "The sentence with the longest period of incarceration shall be designated as the sentence controlling the maximum date." K.A.R. 44-6-141 (1992).

Next, under K.A.R. 44-6-142 (1992), "When computing the conditional release date, it shall be presumed 100% of the available good time credits has been earned, and the good time credits shall be applied on a projected basis. The conditional release date shall be based on the controlling maximum sentence. No conditional release date shall be computed for a maximum sentence of life."

Here, the KCOA agreed that petitioner's aggregated controlling sentence for the three cases is 80 years to life. Because the maximum

sentence is life, petitioner therefore had no conditional release date. The KCOA also found that under state case law, petitioner's completion of the first sentence did not entitle him to seek the recalculation of his parole eligibility date, his conditional release date, or his sentence term. Accordingly, the KCOA held that the district court properly dismissed the petition, because petitioner had no conditional release date and had not lost any presumed earned good time.

The court has considered the petition, attachments, and the materials in petitioner's motion to amend the petition and concludes no ground for federal habeas corpus is presented. The decisions of the state courts are clearly based upon the state law in effect at the time of petitioner's crimes, and the record does not suggest any constitutional error that presents a ground for relief in this petition. Accordingly, the petition is denied.

### Certificate of Appealability

Under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability should issue "only if the applicant has made a substantial showing of the denial of a constitutional right," and the Court identifies the specific issue that meets that showing. 28 U.S.C. § 2253.

The Court has considered the record and concludes that this matter does not warrant the issuance of a certificate of

appealability. The execution of petitioner's sentence is based upon state law, and the petition does not show that petitioner suffered a constitutional deprivation.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner's motion to proceed in forma pauperis (Doc. 2) and to amend the petition (Doc. 3) are granted.

IT IS FURTHER ORDERED the clerk of the court shall substitute Warden Hazel Peterson as the respondent on the docket.

IT IS FURTHER ORDERED the petition is dismissed. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:  This 23rd day of February, 2021, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge